UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the Matter of:
    RICHARD W. LEWIS, JR.           Bankruptcy Case No.: 2018-24685-SVK-13
         Debtor(s)                           Chapter 13

## NOTICE AND REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

     Richard W. Lewis, Jr. has filed papers with the court requesting modification of the Chapter 13 Plan in the above case.

     **Your Rights May be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to confirm the amended plan as proposed, or if you want the court to consider your views on the request, then on or before 21 days after service of this notice, you or your attorney must:

     File with the court a written request for hearing which shall contain a short and plain statement of the factual and legal basis for the objection. File your written request at:

                       Clerk of Bankruptcy Court
                       517 E. Wisconsin Avenue
                            Room 126
                       Milwaukee, WI 53202-4581

     If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the expiration of 21 days.

     If you or your attorney do not take these steps, the Court may decide that you do not oppose the request and may enter an order confirming the amended chapter 13 plan.

MILLER & MILLER LAW, LLC
633 West Wisconsin Avenue
Suite 500
Milwaukee, Wisconsin 53203
(414) 277-7742
(414) 277-1303

# REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan **SUPERSEDES ALL PRIOR REQUESTS TO AMEND THE PLAN AND INCLUDES ALL PROPOSED AMENDMENTS. TERMS NOT FULLY STATED HERE OR IN THE ORIGINAL PLAN ARE NOT PART OF THE PLAN.**

2. <u>Service:</u> A certificate of service must be filed with this request for plan modification. Designate one of the following:

    **X** A copy of this proposed modification has been served on the parties (the debtor, the trustee, the United States trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

3. I request the following modification of the Chapter 13 Plan last confirmed by the Court:

    **6.2 Post-petition claims filed under 11 U.S.C. § 1305.**

If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on any claim.

   a. Debtor filed an amended Schedules July 30, 2018. In accordance with that amendment, Debtor will pay the general unsecured creditors a pro rata share of not less than $15,176.00.
   b. Debtor will increase his monthly plan payment from $1438.00 to $1705.00 to maintain feasibility.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

✓ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim, the debtor(s) state that the value of the secured claim should be as set out in the *Amount of secured claim* column. If the total amount of the proof of claim is less than the amount listed in the *Amount of secured claim* column, the lower amount listed on the proof of claim will be paid in full with interest as provided below. For secured claims of governmental units, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or proof of claim, then no interest will be disbursed by the trustee. The trustee will disburse amounts listed under the Monthly payment to creditor column in equal monthly payments. If no amount is listed in the Monthly plan payment column, the trustee will disburse payments pro rata with other secured creditors. If the court orders relief from the automatic stay as to any item of collateral listed in this paragraph, the trustee will cease disbursement of all payments under this paragraph as to that collateral, and the plan will be deemed not to provide for all secured claims based on that collateral.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. The amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the *Amount of secured claim* column will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Rushmore Loan Management Servicing | $143,592.84 | 2316 W. Lawn Avenue, Milwaukee. WI 53209 | $60,000.00 | $0.00 | $60,000.00 | 6.00% | Pro rata | $69.598.00 |

All remaining terms of the original Chapter 13 Plan are unaffected.  In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment control.

WHEREFORE,  each Debtor requests that the Court approve this proposed amendment to the original Chapter 13 Plan.

**CERTIFICATION**

The Debtor's attorney must sign this certification. A Debtor represented by an attorney may sign this certification. If the Debtor does not have an attorney, the Debtor must sign this certification.

**The provisions in this Chapter 13 plan are identical to those contained in the official local form other than the changes listed in part 3.**

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted on: November 1, 2018

__/s/_____

Krysta L. Kerr
Attorney for Debtor
MILLER & MILLER LAW, LLC
633 West Wisconsin Avenue, Suite 500
Milwaukee, Wisconsin 53203
(414) 277-7742
(414) 277-1303